United States District Court
Southern District of Texas
**ENTERED**
March 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOSEPH R.,[1] | § |
| | § |
| Plaintiff. | § |
| | § |
| V. | § CIVIL ACTION NO. 3:24-cv-00170 |
| | § |
| COMMISSIONER OF SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

## OPINION AND ORDER

Plaintiff Joseph R. seeks judicial review of an administrative decision denying his application for disability and disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act (the "Act"). *See* Dkt. 1. Joseph R. and Defendant Leland Dudek, the Commissioner of the Social Security Administration (the "Commissioner")[2] have both filed briefs. *See* Dkts. 12, 19. After reviewing the briefing, the record, and the applicable law, I affirm the Commissioner's decision.

## BACKGROUND

On October 27, 2020, Joseph R. filed a Title II application for disability and disability insurance benefits. On October 28, 2020, he filed a Title XVI application for supplemental security income. In both applications Joseph R. alleged disability beginning January 1, 2015. His applications were denied and denied again upon

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Dudek is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Joseph R. was not disabled. Joseph R. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

(1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Joseph R. "has not engaged in substantial gainful activity since January 1, 2015, the alleged onset date." Dkt. 10-3 at 15.

The ALJ found at Step 2 that Joseph R. "has the following severe impairments: obesity, degenerative disc disease of lumbar spine with sciatica, degenerative disc disease of thoracic spine, asthma, neuropathy, chronic pain, anxiety and depression." *Id*.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments. *See id.*

Prior to consideration of Step 4, the ALJ determined Joseph R.'s RFC as follows:

> [Joseph R.] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [he] can occasionally climb ramp or stairs, but never climb ladders, ropes, or scaffolds. [He] can occasionally balance, stoop, kneel, crouch and crawl. [He] can have occasional exposure to concentrated fumes, odors, dusts, gases, mists and environments with poor ventilation as described in the SCO. [He] is limited to simple, routine, repetitive

3

tasks, requiring no more than 1, 2 or 3 step instructions, not performed in a production rate environment (such as assembly line work), involving only simple, work-related decisions, and having to deal with only occasional changes in a routine work setting and limited to occasional interaction with the general public.

*Id.* at 17.

At Step 4, the ALJ found that "[Joseph R.] is unable to perform any past relevant work." *Id.* at 19.

At Step 5, relying on the Medical-Vocational Guidelines, the ALJ found that Joseph R. is not disabled because "there are jobs that exist in significant numbers in the national economy that [Joseph R.] can perform." *Id.* at 20.

## DISCUSSION

This social security appeal raises only one issue: whether "remand [is] required because the [ALJ] failed to obtain a single medical opinion and failed to adequately develop the medical evidence of record." Dkt. 12 at 1. I find that it is not.

Joseph R. argues that remand is required because the ALJ failed to obtain a single medical opinion and failed to adequately develop the medical evidence, thus impermissibly "play[ing] doctor" by relying on his own lay interpretation of the medical evidence in crafting Joseph R.'s RFC. *Id.* at 3. Joseph R. contends that under Fifth Circuit precedent, the ALJ's decision is erroneous "where there was no specific medical opinion to support the ALJ's assessment of the functional effects of the claimant's impairment." *Id.* (citing *Ripley v. Chater*, 67 F.3d 552, 557–58 (5th Cir. 1995)). This is a true statement of law, and it is true that there is no medical opinion in the record. But the reason there is no medical opinion in the record is due entirely to Joseph R.'s inaction.

Here, the record is devoid of any medical opinion because Joseph R. failed to attend a consultative medical examination and then failed to respond to requests to reschedule the examination. *See* Dkt. 10-4 at 91 (showing that Joseph R. failed to reschedule his consultative medical examination for approximately four

4

months, from April 2022 to August 2022). "[W]hen an applicant 'does not have a good reason for failing or refusing to take part in a consultative examination, the agency may find that the claimant is not disabled.'" *A.G. v. O'Malley*, No. 3:24-cv-266, 2024 WL 4137269, at *5 (N.D. Tex. Aug. 13, 2024) (quoting *Cavazos v. Comm'r of Soc. Sec.*, No. 4:22-cv-01347, 2023 WL 6393884, at *4 (S.D. Tex. Sept. 29, 2023)). That is exactly what happened here.

If Joseph R. believes a consultative medical examination was necessary, he fails to explain why he did not request one at the hearing, or to further develop the record at any point prior to receiving the ALJ's unfavorable decision. *See Cavazos*, 2023 WL 6393884, at *4 ("[W]hile Cavazos had consistently raised her mental impairments before the agency, she did not request a consultative exam at or leading up to the hearing."). To hold now "that [Joseph R.] may elect to forego agency-directed exams and later feign injustice for not having received one—would be inequitable and contravene the purpose of the process." *Id*. Accordingly, the ALJ committed no error in refusing to further develop the record.

Even if Joseph R. had shown that a consultative medical examination was necessary, he fails to demonstrate prejudice. In the Fifth Circuit, prejudice is established when a plaintiff shows that a consultative medical examination "could and would have adduced *evidence* that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (emphasis added) (quotation omitted). Joseph R. argues that the ALJ "could have ordered a consultative examination"; "could have sought medical expert testimony at an administrative hearing or through interrogatories"; "could have sought an updated state agency review"; or "could have contacted Mr. Royer's treating sources to seek their opinions." Dkt. 12 at 8–9. But at no point does Joseph R. suggest how any of those actions, if taken, would have yielded *evidence* that would change the result here. Because Joseph R. does not point to any evidence that demonstrates "how additional consultative examinations would have led to a more favorable decision," he fails to carry his

burden to demonstrate prejudice. *Williams v. Berryhill*, No. 3:18-cv-1913, 2019 WL 4393635, at *13 (N.D. Tex. Sept. 13, 2019).

## CONCLUSION

For the reasons discussed above, I affirm the Commissioner's decision. A final judgment will issue separately.

SIGNED this __21st__ day of March 2025.

                                    ANDREW M. EDISON
                          UNITED STATES MAGISTRATE JUDGE